Spear, J.
The real question involved relates to the power of the court of common pleas to vacate its own judgment on motion after term. The essential facts follow: Samuel E. Raper was sued by The Interstate Life Assurance Company in a justice's court of Montgomery county upon two promissory notes and a bank check. At the trial, January 6, 1906, he appeared and being called as a witness admitted the execution of the notes and check, but interposed no defense. Judgment was thereupon rendered for the plaintiff. Ten days thereafter defendant gave bond for appeal to the common pleas. February 19, 1906, plaintiff filed its petition on appeal in that court. No appearance by any counsel having been entered, and no answer or other pleading filed, but defendant being in default, on Monday, March 26, 1906, on a regular day of the court at the regular time, in open court, judgment was entered by default for the plaintiff. No other action was taken or was asked of the court in the cause at that term, which term adjourned on March 31.
On April 21, following, being a day of the next term, the defendant filed a motion to vacate the judgment “for the reason' that there was irregularity in obtaining said judgment.” No action having been taken by the court on this *116 motion, on May 2, following, a further motion was filed as follows:
“Comes now the defendant, Samuel E. Raper and moves the court to vacate the judgment obtained against him and in favor of the plaintiff on the 26th day of March, 1906, in the above entitled cause for the reason that there was irregularity in obtaining said judgment against him in this, to-wit:
“First. Because said judgment was obtained against defendant and in favor of the plaintiff in this cause on the 26th day of March, 1906, being the last day for the taking of judgments’ at the January term, 1906, the taking of which judgment of said date being contrary to the regular course of procedure and by which the defendant was deprived of the benefit of his defense to said action and without fault on his part.
“Second. Because counsel for the plaintiff in whose favor this judgment was rendered against defendant did not submit the judgment entry within three days to counsel for the defendant that they might approve or reject the same within two days thereafter as required by the rules of this court, adopted May 1st, 1897, which rule appears on page seven of the printed rules of the common pleas court of Montgomery county, Ohio, being section one under the head of ‘journal entries, etc.’
“Third. Because counsel for plaintiff after the judgment was obtained against this defendant and before the expiration of the January term, 1906, agreed with counsel for the defendant that the judgment obtained against defendant on the *117 26th day of March, 1906, should be vacated, if defendant prepared and was willing to file an answer, setting up a good defense to said action, all of which defendant is now ready and willing to do.”
This motion was heard July 6, following, and the court found “that good grounds exist for vacating said judgment, to-wit: irregularity in obtaining said judgment.” It was thereupon ordered that defendant file his answer to the petition forthwith, which being done leave was given plaintiff to plead and when the issues are made up the cause to be tried on its merits. The plaintiff thereupon demurred to the answer. This demurrer was overruled as to a portion of the defenses pleaded, and the plaintiff not desiring to plead further, judgment was rendered for defendant dismissing the petition. To all of which adverse action by the court proper exceptions were preserved by the plaintiff.
It appears further from the record that prior to the commencement of the suit the defendant, with an attorney, Mr. Frank E. Janies, called at the office of counsel for the plaintiff respecting the claim; that defendant then admitted the indebtedness, paid twenty dollars on it, and promised, in consideration of some delay, to give security for the balance of the debt, which promise not being kept suit before the justice followed. At the trial before the justice Attorney James did not appear, but Attorney Mattern accompanied the defendant. He did not consider himself as employed by the defendant but appeared only as an accommodation *118 to Mr. James, which facts he at the time communicated to plaintiff’s counsel.
The judgment entry in favor of plaintiff in the common pleas was not presented to any counsel for defendant prior to being entered. On March 31, five days after the judgment was taken, conversation was had between counsel for the plaintiff and Mr. Mattern, who in the meantime had been retained by the defendant, regarding the judgment, Mr. Mattern asking that the judgment be vacated, and counsel for plaintiff expressing himself as willing that the default might be set aside provided an answer showing a defense were presented to him, and it appears remained of that state of mind until on or about April 10. No such answer was presented until a number of weeks had expired. Meantime counsel for plaintiff had received positive direction from his client, by letter dated April 10, 1906, not to consent to the vacation of the judgment, which fact was communicated to counsel for the defendant shortly after April 10, and prior to the filing of the motion to vacate. Mr. James also, on March 31, presented to counsel for plaintiff a short entry vacating the judgment. and giving leave to file answer, but counsel for plaintiff declined to approve it stating that he had said an answer showing a defense was to accompany the entry and to be submitted to him. There was some later negotiation between counsel respecting the vacation of the judgment but nothing changing the effect as hereinbefore given.
The action of the court of common pleas in making the order vacating the judgment was *119 based upon the third clause of section 5354* Revised Statutes, which authorizes the court to vacate after term for “irregularity in obtaining a judgment or order.” No claim seems to have been made at any stage of the controversy that the defendant was not in default, nor that the judgment rendered was not on its face in all respects regular, but the court found that the failure of counsel for the plaintiff to present a journal entry to opposite counsel before giving it to the clerk was such irregularity as is contemplated by' the statute, and “that counsel for plaintiff should have given the defendant a little time to answer when he knew he had come into this court for the purpose that he did.” But the statute itself gave the defendant more than a little time to answer, and that time had expired; no request for delay had been made at the time judgment was taken, and ordinarily it can hardly be regarded as bad faith for counsel to fail to accord the opposite party favors which have not been asked. It is true that counsel for the plaintiff knew that the defendant had appealed from the judgment of the justice and, as part of the procedure, had given an appeal bond. But he also knew that the defendant had admitted the indebtedness, had paid part of it, and had promised security for the balance. He also knew that the defendant at the trial before the justice had in his testimony admitted the execution of the notes- and check and had interposed no defense to the plaintiff’s action. It would seem not unreasonable for counsel to assume under such circumstances that the parties might properly be left to stand *120 upon their legal rights. His client was under the law entitled to a judgment. He was strictly within his legal rights in asking and obtaining such judgment, and- no bad faith can under the circumstances be charged against him, if indeed any importance can be attached to that sort of a charge so long as counsel had asked only what his client was entitled to. Nor can the fact that counsel subsequently in private conversation out of court expressed a willingness to consent that the judgment be opened up provided that a good answer were presented have any material bearing in the case, the condition upon which that promise was made not having been complied with prior to its withdrawal. Plaintiff’s counsel appear to have had only a general retainer, and whether, under a' general retainer to prosecute to judgment and satisfaction, counsel would have had authority to consent to the setting aside of a judgment thus properly obtained we need not stop to consider.
The court’s action in ordering a vacation seems to have been influenced by the fact that the journal entry was not submitted to counsel for the adverse' party before being handed to the clerk for entry on the journal, and the rule of the court on the subject is cited. That rule is: “Counsel for the party in whose favor an order, decree or judgment is rendered, shall, within three days thereafter, unless further time be given by the court, prepare the proper journal entry and submit it to counsel for the adverse party who shall approve or reject the same within two days after *121 the receipt thereof.” It cannot be reasonably contended, we think, that this rule applies to a case, as the one at bar, where there has been no appearance by counsel and the case stands wholly on default. It does not appear that at the time the judgment was taken any information of any character had been given counsel for plaintiff that any attorney had been employed by defendant to make defense in the court of common pleas.- He had been advised that the attorney who was present- with the defendant at the justice’s'court had not then been employed by the party, and the fact that he had been subsequently retained was not communicated to plaintiff’s counsel until several days after the judgment was taken. Judged by any reasonable rule there was no “counsel for the adverse party” in court to whom the entry could be submitted, and the plaintiff was clearly within his legal rights in taking the judgment without that formality.
Our conclusion is that, taking the testimony as a whole, and giving to it the most favorable construction for defendant, it does not tend to show that any irregularity entered into the obtaining of the judgment of the court of common pleas taken March 26, 1906, in favor of plaintiff and against the defendant, and that, therefore, the order vacating the same subsequently made was and is erroneous. It follows, also, that the subsequent judgment of the same -court, at the April term, 1906, dismissing the plaintiff’s petition and adjudging costs against the plaintiff was and is erroneous, and that the judgment of affirmance by the circuit court was and is erroneous.
*122 The judgment will be reversed and judgment entered for plaintiff in error.

Reversed.

Shauck, C. J., Price, Crew, Summers and Davis, JJ., concur.